Curtis R. Hussey
USB No. 5488
Hussey Law Firm, LLC
82 Plantation Pointe #288
Fairhope, AL 36532
Telephone: (251) 928-1423
Facsimile: (866) 317-2674
Email: chussey@ThompsonConsumerLaw.com
*Attorney for Plaintiff*

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH
_____

| | |
|---|---|
| Camie Snowden, | ) Case No. 2:20-cv-00473-CMR |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Experian Information Solutions, Inc., | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1.  Plaintiff Camie Snowden ("Plaintiff") brings this action against Defendant Experian Information Solutions, Inc. ("Defendant") pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendant transacts business in this district.

4.   "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.   "Congress's judgment in enacting the FCRA was to provide consumers a right to privacy. The plain language of the statute as well as the legislative history illustrate this intent." *Perrill v. Equifax Info. Services, LLC*, A-14-CA-612-SS, 2016 WL 4572212, at *3 (W.D. Tex. Aug. 31, 2016) (citing 15 U.S.C. § 1681(4)) ("There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."); *see also Thomas v. FTS USA, LLC,* 193 F.Supp.3d 623, 633 (E.D. Va. 2016) ("It is clear from the statute's legislative history that Congress intended that the FCRA be construed to promote the credit industry's responsible dissemination of accurate and relevant information and to maintain the confidentiality of consumer reports."); *Hawkins v. S2Verify,* No. C 15–03502 WHA, 2016 WL 3999458, at *5 (N.D. Cal. Jul. 26, 2016) ("[Under the FCRA], Congress decided

to restrict access to information regarding arrests older than seven years, which bestowed a degree of privacy on that information.").

## THE FAIR CREDIT REPORTING ACT

6. The FCRA was enacted by Congress to ensure fair and accurate credit reporting and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

7. "The purpose of the FCRA is to assure consumers that reporting agencies use reasonable procedures for collecting, using, and disseminating information." *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1097 (D. Ariz. 2003) (citing 15 U.S.C.A. § 1681(b)).

8. "Section 1681s–2(b) does not impose an unduly burdensome investigation requirement on furnishers; rather, it presents them with a choice regarding how they handle disputed information." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1303-05 (11th Cir. 2016).

9. "The first option is to satisfy § 1681s–2(b) by conducting an investigation, verifying the disputed information, and reporting to the CRAs that the information has been verified. Verification might be accomplished by uncovering documentary evidence that is sufficient to prove that the information is true. Or it might be accomplished by relying on personal knowledge sufficient to establish the truth of the information." *Id.*

10. "The FCRA provides for compensation in the form of actual damages and attorneys' fees if a consumer reporting agency negligently fails to comply with any provision of the FCRA. The FCRA also permits a consumer to recover punitive damages if the defendant's non-compliance with the Act was willful." *Id.* (quoting *Natale v. TRW,*

*Inc.,* No. 97–3661, 1999 WL 179678, at *1 (N.D. Cal. Mar. 30, 1999)); *see also* 15 U.S.C. §§ 1681o, 1681n.

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of Utah, County of Salt Lake, and City of Salt Lake City.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

13. Defendant is a for-profit limited liability company engaged in the business of assembling or evaluating consumer credit information of other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

14. Defendant uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

16. On October 24, 2019, Knight Adjustment Bureau ("KAB") released and discharged Plaintiff from any outstanding liability on an alleged debt (the "Account").

17. KAB also agreed to request deletion of the Account tradeline from Plaintiff's consumer credit file.

18. However, on or about December 5, 2019, Plaintiff discovered that the Account had not been deleted from her consumer credit file prepared by Defendant.

19. In addition, Plaintiff discovered that the tradeline contained inaccurate information.

20. Specifically, the tradeline reported that the Account's original balance was $4,546 and that as of November 2019, it was in collections for the balance of $1,221.

21. Plaintiff sent Defendant a detailed letter, dated December 5, 2019, disputing the accuracy of the Account as reported on her consumer credit file.

22. A true and correct copy of Plaintiff's December 5, 2019 dispute letter is attached as Exhibit A.

23. Plaintiff's dispute informed Defendant that the Account's original balance was never $4,546, that she never owed Defendant $1,221, and that the Account should have been removed from her credit file. Exhibit A.

24. Upon information and belief, Defendant provided KAB with notice of Plaintiff's dispute.

25. Defendant responded to Plaintiff's dispute in a written communication dated December 27, 2019.

26. A true and correct copy of Defendant's response is attached as Exhibit B.

27. Defendant responded to Plaintiff's dispute but did not delete the inaccurate tradeline and instead continued to report the Account.

28. Plaintiff's credit score decreased as a result of the Account being inaccurately reported.

29. Plaintiff was subsequently denied an increased line of credit due to the Account being reported as delinquent.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681e(b)

30. Plaintiff repeats and re-alleges each factual allegation above.

31. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

32. As a result of Defendant's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of a credit denial, and mental and emotional pain and anguish.

33. Defendant's conduct, action, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

34. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1681e(b);

b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681i

35. Plaintiff repeats and re-alleges each factual allegation above.

36. Defendant violated 15 U.S.C. § 1681i by failing to correct inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by otherwise failing to comply with the procedures outlined in that section.

37. As a result of Defendant's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denial, and mental and emotional pain and anguish.

38. Defendant's conduct, action, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

39. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1681i;

    b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

    d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 30, 2020.                      Respectfully submitted,

<u>s/Curtis R. Hussey</u>
Curtis R. Hussey
USB No. 5488
Hussey Law Firm, LLC
82 Plantation Pointe Road, No. 288
Fairhope, AL 36532-1896
Telephone: (251) 928-1423
Facsimile: (866) 317-2674
Email: chussey@ThompsonConsumerLaw.com

*Co-counsel with:*
*Thompson Consumer Law Group, PC*

**Correspondence address:**

Thompson Consumer Law Group, PC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
TCLG@thompsonconsumerlaw.com

Attorneys for Camie Snowden